UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>CHRISTOPHER MOODY, )<br>)<br>Defendant. ) | No. 3:09-cr-00240<br>Chief Judge Haynes |

# MEMORANDUM

Defendant, Christopher Moody, was originally charged in the Sixth Superseding Indictment, along with 28 co-defendants, with conspiracy to possess with the intent to distribute a controlled substance, in violation of 21 U.S.C. 841(a)(1), 21 U.S.C. 860 and 18 U.S.C. 2, and felon in possession of a firearm, in violation of 18 U.S.C. 922(g)(1) and 18 U.S.C. 924.

Before the Court is the Defendant's motion to dismiss the Indictment (Docket Entry No. 2114), contending, in sum, that: (1) his rights to a speedy trial under the Speedy Trial Act 18 U.S.C. § 3161 et seq. have been violated by the Government's failure to bring him to trial within seventy (70) days of his initial appearance under 18 U.S.C. § 3161(c)(1); and (2) his Sixth Amendment rights were violated by extended trial delay. In response, the Government asserts, in essence, that given this action has been declared an extended and complex action, trial delays have been necessary to provide adequate pretrial and trial preparations.

For the reasons set forth below, the Court concludes that the facts of this action do not establish a violation of the Speedy Trial Act.

**A. Review of the Record**

On December 8, 2010, Defendant Moody was charged in the Sixth Superseding Indictment with conspiracy to possess with the intent to distribute a controlled substance, in violation of 21 U.S.C. 841(a)(1), 21 U.S.C. 860 and 18 U.S.C. 2, and felon in possession of a firearm, in violation of 18 U.S.C. 922(g)(1) and 18 U.S.C. 924. (Docket Entry No. 295). On December 23, 2010, Defendant Coleman filed a motion to continue the trial date. (Docket Entry No. 343). On January 4, 2011, the Honorable John T. Nixon entered an Order continuing the trial to April 5, 2011. (Docket Entry No. 358). Additionally, on January 3, 2011, Defendant McQuiddy filed a motion to declare case extended and complex, to waive payment cap, and to allow interim vouchers, in which Defendant Young joined. (Docket Entry No. 355). On January 5, 2011 the Government responded, stating it took no position on the issue, but agreed the case is likely to be protracted and complex. (Docket Entry No. 359). On April 20, 2011, Judge Nixon granted that motion, declaring the case extended and complex. (Docket Entry No. 487).

On February 18, 2011, Defendant Harris filed his first motion for severance of counts and for a speedy trial. (Docket Entry No. 413: Motion). The Government responded on March 4, 2011. (Docket Entry No. 445). On March 25, 2011, Judge Nixon entered an Order denying in part defendant's motion. The Court stated, "because Defendant is presently joined for trial with co-defendants as to whom the time for trial has not run and no motion for severance has been granted, his motion is DENIED in part as to the speedy trial issue, and the presently scheduled trial date of April 5, is continued." (Docket Entry No. 460).

On March 2, 2011, Defendant Smith filed a motion to continue trial and filed a speedy trial waiver for the trial which was then set for April 5, 2011. (Docket Entry No. 440). On April 4, 2011, Defendant McQuiddy filed a notice of consent to continuance of trial until November 1, 2011.

2

(Docket Entry No. 446). Additionally, Defendant Collins and Defendant Branum filed waivers of speedy trial.. On August 9, 2011, a notice of hearing was entered by the court setting trial for November 8, 2011. (Docket Entry No. 576). On October 14, 2011, Adam Battle filed a sealed <u>ex parte</u> motion to continue trial. (Docket Entry No. 693).

On October 19, 2011, the Seventh Superseding Indictment was returned, again adding new defendants. (Docket Entry No. 708). On October 26, 2011, Judge Nixon entered an Order continuing the trial until April 17, 2012. (Docket Entry No. 724).

On November 30, 2011, the Eighth Superseding Indictment was returned adding one additional defendant. (Docket Entry No. 807). On March 27, 2012, Defendant Lee filed a motion to continue trial with an attached speedy trial waiver. (Docket Entry No. 990). In early April 2012, numerous Defendants filed motions to continue trial and speedy trial waivers. On April 12, 2012, Judge Nixon entered an Order continuing the trial to August 14, 2012. (Docket Entry No. 1064).

On June 25, 2012, Defendant Moody filed a motion to suppress that the Government responded to on July 15, 2012. (Docket Entry Nos. 1158 and 1197). Judge Nixon entered an Order on August 6, 2012, denying Defendant's motion to suppress. (Docket Entry No. 1212). On August 15, 2012, after Judge Nixon denied Defendant's suppression motion, Defendant filed a <u>pro se</u> notice of appeal, that was construed to be an interlocutory appeal. (Docket Entry No. 1255).

On September 6, 2012, Defendant wrote a letter to Judge Nixon requesting new counsel that the Government responded to on September 18, 2012. (Docket Entry No. 1299). On October 9, 2012, a status conference was held in which Judge Nixon Ordered that new counsel be appointed. (Docket Entry No. 1353). On October 25, 2012, new counsel was appointed to represent Defendant. (Docket Entry No. 1388). On November 13, 2012, the Sixth Circuit Court of Appeals issued an Order

dismissing Defendant's action. (Docket Entry No. 1418).

On October 31, 2012, a Ninth Superseding Indictment was returned by the grand jury adding additional counts. (Docket Entry No. 1408). Subsequently, on January 2, 2013, Defendant moved to be severed. (Docket Entry No. 1571). On January 11, 2013, Defendant filed a notice of waiver of speedy trial (Docket Entry No. 1636). On January 16, 2013, Defendant filed a pro se notice of withdrawal of speedy trial waiver. (Docket Entry No. 1655). Additionally on January 18, 2013, Defendant filed a motion to continue trial. (Docket Entry No. 1677). At a January 22, 2013 status conference, the Defendant's motion to sever was granted and Judge Nixon recused himself from Defendant's action. The action was then reassigned to this Court. (Docket Entry No. 1715).

On January 28, 2013, Judge Nixon entered an Order denying the co-defendants' motions to dismiss for violation of the their speedy trial rights. (R. 1826). This Court set the Defendant's motion to continue trial for a hearing on January 28, 2013. (Docket Entry No. 1750). At the hearing, the Court granted Defendant's motion in the interest of justice. (Docket Entry No. 1845).

On April 9, 2013, Defendant Moody filed this motion claiming his speedy trial rights had been violated and also filed a motion for a status conference. (Docket Entry No. 2144). The Court set the status conference for April 19, 2013. (R. 2147: Order). At the status conference the Court noted that it had recently received the action and had already heard one motion to continue filed by Defendant. Additionally, the Government's lead attorney in this action stated that he had been in trial of United States v. Omega Harris and Leonard Baugh from January 29, 2013 until April 2, 2013. The case agent assigned to the Harris trial, who the Government contends is an essential witness in this action, was also in trial from January 29, 2013 until April 2, 2013. The Government announced it could try the case the following week, but the defense objected, stating that defense counsel would

4

be unavailable. Subsequently, the action was set for trial on August 13, 2013, although the Court noted that the parties schedules may require a further continuance. The Court set a status conference for July 29, 2013.

## B. Conclusions of Law

Title 18 U.S.C. § 3161(c)(1) of the Speedy Trial Act states, in relevant part, the following:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

Id. "The Speedy Trial Act (the 'Act') requires dismissal of a criminal case, with or without prejudice, if the defendant is not tried seventy days after his indictment or his first court appearance, whichever occurs later." United States v. Gardner, 488 F.3d 700, 717 (6th Cir. 2007); 18 U.S.C. § 3162(a)(2).

The Act, however, provides excludable periods of time in calculating the number of days toward the seventy days. The Supreme Court has held that *any* pretrial motion filed under 18 U.S.C. § 3161(h)(1)(D)[1] automatically stops the Speedy Trial clock from running, irrespective of whether the motion has any impact on when the trial begins. United States v. Tinklenberg, _U.S._, 131 S. Ct. 2007, 2012, 2016 (2011). Moreover, "[d]elays due to continuances granted by the court are excluded from the time within which a trial must start under the Speedy Trial Act if 'the ends of

---

[1]Title 18 U.S.C. § 3161(h)(1)(D) provides:

> The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence-- delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion[.]

5

justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" United States v. Stewart, 628 F.3d 246, 253 (6th Cir. 2010) (quoting 18 U.S.C. § 3161(h)(7)(A)). Under 18 U.S.C. § 3161(h)(7)(A), the district court "must set forth, either orally or in writing, its reasons for finding that the ends of justice outweigh the best interests of the public and the defendant in a speedy trial." Gardner, 488 F.3d at 718; 18 U.S.C. § 3161(h)(7)(A). "If the court does not provide properly explainable reasons, the resulting delay is not excludable." Id. A "district court has wide latitude in deciding how to exercise its discretion in applying the ends-of-justice provision of the Speedy Trial Act that governs whether a continuance should be granted." Stewart, 628 F.3d at 253.

Defendant contends his rights to a speedy trial under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. have been violated by the Government's failure to bring him to trial within seventy (70) days of his initial appearance under 18 U.S.C. § 3161(c)(1). Defendant further contends the extended pretrial delay has prejudiced Defendant, violating his Sixth Amendment speedy trial rights.

On January 28, 2013, Judge Nixon issued an detailed and extensive Order denying numerous co-defendants' speedy trial motions. (Docket Entry No. 1826). Those co-defendants' motions advanced many of the same arguments Defendant Moody presents in his motion. For the same reasons, the Court adopts by reference Judge Nixon's Order, (Docket Entry No. 1826, at 4-27) denying those defendant's contentions regarding Sixth Amendment and Speedy Trial Act violations as responsive to Defendant Moody's motion.

Accordingly, for these reasons, the Court concludes that Defendant's motion to dismiss for speedy trial rights violation (Docket Entry No. 2144) should be denied.

An appropriate Order is filed herewith.

6

ENTERED this the 6th day of September, 2013.

_____
WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court

7